# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| CANDACE McCORVEY ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO. 19-00338-KD-MU |
| ) | |
| LALITA LLC, d/b/a ONE STOP 36, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before Plaintiff Candace McCorvey's Motion for Default Judgment (doc. 6). Upon consideration, and for the reasons set forth herein, McCorvey's Motion is DENIED at this time.

McCorvey moves the Court to enter a default judgment against Defendant Lalita LLC. In support, McCorvey provides the Court with the Proof of Service and copy of the return receipt for certified mail. The Server signed the Proof of Service and declared that the summons had been served on "Sanjay Patel, Reg. Agent who is designated by law to accept service of process on behalf of … Lalita, LLC d/b/a One Stop 36" (doc. 5). The return receipt is addressed to Patel as Registered Agent (doc. 5, p. 2). The return receipt was signed July 18, 2019 and the box for "Agent" is checked. Since Patel was the "Addressee", checking the box appears to indicate that the person who signed was not Patel but an "Agent" of Patel who is the "Reg. Agent" of Lalita LLC. Additionally, the signature and the printed name of the person who received the return receipt are both illegible. Thus, it is not known whether Patel signed or if an "Agent" for Patel signed.

"An entry of default is appropriate when a party against whom affirmative relief is sought fails to plead or otherwise defend a case." Hines v. Regions Bank, - - - Fed. Appx. - - - , 2019

WL 3403494, at *2 (11th Cir. July 29, 2019) (citing Fed. R. Civ. P. 55(a), (b)) "But a party's delay may result in a default judgment only if the party has been properly served because 'a court lacks jurisdiction over the person of a defendant when that defendant has not been served.'" Id. (citing Pardazi v. Cullman Med. Ctr., 896 F.2d 1313, 1317 (11th Cir. 1990)).

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides for serving a domestic corporation. The Rule states that a corporation "must be served . . . "in a judicial district of the United States: A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1).

The docket indicates that the summons and complaint were not delivered, but instead were sent by certified mail. Apparently, McCorvey attempted to serve Lalita LLC under Rule 4(e)(1). Pursuant to that Rule, McCorvey may serve Lalita LLC by "(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1).

Under Alabama law, Rule 4(i)(2) of the Rules of Civil Procedure provides for service of process by certified mail. Rule 4(i)(2)(B) applies when the attorney or the party serves the summons and complaint. In relevant part, the Rule states that

> In the case of an entity within the scope of one of the subdivisions of Rule 4(c) [including limited liability companies], the addressee shall be a person described in the appropriate subdivision.

Ala. R. Civ. P. 4(i)(2)(B) (bracketed text added).

The "appropriate subdivision" of Alabama Rule 4(c)(6) provides that service of process on a limited liability company "shall be made ... by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law

to receive service of process." Ala. R. Civ. P. 4(c)(6). Business Entity Records from the Alabama Secretary of State show that Patel is Lalita LLC's registered agent (doc. 6-1, p. 24).

With respect to certified mail, Alabama Rule 4(i)(2)(C) explains when service by certified mail is effective:

> Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt. Within the meaning of this subdivision, "agent" means a person or entity specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee. Such agent's authority shall be conclusively established when the addressee acknowledges actual receipt of the summons and complaint or the court determines that the evidence proves the addressee did actually receive the summons and complaint in time to avoid a default.

Ala. R. Civ. P. 4(i)(2)(C).

It is not clear whether the certified mail was not delivered to Patel. The certified mail was received by an unknown "Agent" "as evidenced by signature on the return receipt" Id. Rule 4(i)(2)(C) clarifies that "'agent' means a person . . . specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." Id. The Rule further explains that the "authority" of the unknown Agent "shall be conclusively established" when Patel "acknowledges actual receipt of the summons and complaint". Id. However, Patel has not acknowledged receipt.

Therefore, the Court must determine whether the "evidence proves the addressee [Patel] did actually receive the summons and complaint in time to avoid a default." Id. The evidence shows that an unknown person at the address signed the return receipt as "Agent". Although the "Agent" box is checked, (the return receipt provides only two options: "Agent" or "Addressee") there is no evidence that this unknown person was "specifically authorized by the addressee to receive the addressee's mail and to deliver that mail to the addressee." Id. McCorvey's counsel

3

states only that "[a]n individual signed for receipt of the certified mail enclosing Summons and Complaint." (doc. 6-1, p. 2, Affidavit). Thus, delivery of the mail cannot be inferred.

Without evidence of the Agent's authorization to receive and deliver Patel's mail, as contemplated by the Rules of Procedure, service is not effected or complete by an individual signing the return receipt. Thus, it appears at this time that the Court lacks personal jurisdiction over Lalita LLC. See Alligare, LLC v. HD Machines, LLC, No. 3:18-CV-474-WKW, 2018 WL 6795830, at *2 (M.D. Ala. Sept. 14, 2018) (slip copy) ("There is no evidence that Defendant's agent received the summons. At most, the evidence shows that 'an individual' at Defendant's address received the summons. . . . If that individual was not authorized to receive service of process on Defendant's behalf, then service by certified mail would not have been effective.") (denying Plaintiff's motion to deem service perfected).

**DONE** this the 18th day of October 2019.

                                            **s/ Kristi K. DuBose**
                                            **KRISTI K. DuBOSE**
                                            **CHIEF UNITED STATES DISTRICT JUDGE**